1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17

| | |
|---|---|
| ERNEST HECTOR ABEYTIA,<br><br>             Plaintiff,<br><br>        v.<br><br>FRESNO POLICE DEPARTMENT AND FRESNO POLICE OFFICER GENE JOHNSON IN BOTH PERSONAL AND OFFICIAL CAPACITIES, CITY OF FRESNO, AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>             Defendants. | 1:08-cv-01528 OWW GSA<br><br>**MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT (DOC. 5)** |

18
19

**I. INTRODUCTION.**

20

Plaintiff Ernest Hector Abeytia ("Abeytia"), proceeding *in

21

pro per*, filed a complaint against the City of Fresno, the Fresno

22

Police Department, Officer Gene Johnson, and Does 1-100 in the

23

Superior Court of the State of California, County of Fresno, on

24

May 28, 2008.  Plaintiff asserts a claim under 42 U.S.C. § 1983

25

for excessive force, alleging violation of his Fourth and

26

Fourteenth Amendment rights, in addition to various state law

27

claims.  After being served with notice of the action on or about

28

September 9, 2008, Defendants filed a notice of removal on

1

1  October 9 pursuant to 28 U.S.C. § 1441(b) based on federal

2  question jurisdiction.   Before the court for decision is

3  Defendants' motion to dismiss the complaint pursuant to Fed. R.

4  Civ. P. 12(b)(6), or in the alternative, a motion for a more

5  definite statement pursuant to Fed. R. Civ. P. 12(e), based on

6  the following grounds: 1) Plaintiff has failed to state a claim

7  for a Fourteenth Amendment substantive due process violation, 2)

8  Plaintiff has failed to state a claim for an equal protection

9  violation, 3) Plaintiff has failed to allege valid claims

10 pursuant to 42 U.S.C. §§ 1986 and 1988, 4) Plaintiff has failed

11 to sufficiently plead a *Monell* claim, 5) Plaintiff's claim

12 against the Fresno Police Department is improper, 6) Plaintiff

13 has failed to properly plead his state law claims for negligence

14 as to the City of Fresno and for intentional infliction of

15 emotional distress, and 7) it is unclear whether Plaintiff's

16 third cause of action asserts a claim under Cal. Civ. Code § 51

17 or § 52(b) or some other section.[1]

18     Plaintiff has not filed an opposition to the motion to

19 dismiss or a statement of non-opposition.   On December 12, 2008,

20 Plaintiff was directed by court order to file a written

21 opposition or statement of non-opposition by January 12, 2009.

22 (Doc. 7.)   He ignored this order.

23

24

25 ─────────────

26    [1] Defendants state they move to dismiss Plaintiff's entire
   complaint. However, they fail to attack Plaintiff's excessive
27 force claim under the Fourth Amendment.   Accordingly, this order
   does not address Plaintiff's Fourth Amendment excessive force
28 claim, which remains intact.

1

## II. <u>BACKGROUND</u>.

2   On May 9, 2007, Defendant Johnson was on duty as a Fresno

3   Police Department Officer.  (Doc. 2-2, Complaint at ¶12.)  At

4   approximately 6:30 a.m. on May 9, 2007, Fresno Police Department

5   officers were executing a search warrant on an individual who

6   lived at a residence located next door to 3061 E. El Monte Way in

7   Fresno, California.  Plaintiff exited the back of the residence

8   located at 3061 E. El Monte Way, walked through the backyard, and

9   entered the alley where he was confronted by three Fresno Police

10  Department officers who yelled, "get on your knees, Fresno P.D."

11  Plaintiff alleges he immediately got on his knees and put his

12  hands in the air and said, "I know who you are."  (Doc. 2-2,

13  Complaint at ¶13.)

14  Plaintiff alleges that Defendant Johnson then let loose of

15  his canine and ordered the dog to attack Plaintiff thereby

16  willfully, maliciously, unlawfully, and intentionally using

17  excessive force against Plaintiff.  Plaintiff further alleges

18  that, despite his attempt to hold the dog off and beg the

19  officers to pull the dog off him, he was attacked and bitten at

20  least four separate times on his right leg, resulting in numerous

21  painful lacerations and puncture wounds to his right leg.

22  Plaintiff alleges Defendant Johnson eventually pulled the dog off

23  Plaintiff but Johnson then kicked Plaintiff twice in the upper

24  part of his body.  (Doc. 2-2, Complaint at ¶13.)

25  Plaintiff states this action is "brought pursuant to 42

26  U.S.C. §1981, §1983, §1985, §1986, §1988, 28 U.S.C. §1343, the

27  Fourth and Fourteenth Amendments of the United States

28  Constitution and other applicable laws as may be determined."

3

1  (Doc. 2-2, Complaint at 2.)  In the body of his complaint, he

2  asserts his first cause of action for violation of 42 U.S.C. §

3  1983, alleging violation of his Fourth and Fourteenth Amendment

4  rights.  His second cause of action is for assault and battery.

5  He asserts a third cause of action for "Interference with Civil

6  Rights (Tom Banes Civil Rights Act)," and references Cal. Civ.

7  Code §§ 51 and 52(b) in describing his third cause of action.  He

8  alleges a fourth cause of action for intentional infliction of

9  emotional distress and a fifth cause of action for negligence and

10  negligent infliction of emotional distress.  Plaintiff prays for

11  general and special damages, exemplary or punitive damages, a

12  statutory civil penalty of $25,000 as provided for in Cal. Civ.

13  Code § 52(b), and attorney's fees.

14

15  III. **LEGAL STANDARD**.

16  **A.**  **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**.

17  A motion to dismiss under Rule 12(b)(6) tests the legal

18  sufficiency of the complaint.  *Novarro v. Black*, 250 F.3d 729,

19  732 (9th Cir. 2001).  While a complaint attacked by a Rule

20  12(b)(6) motion to dismiss does not need detailed factual

21  allegations, it is required to contain "more than labels and

22  conclusions, and a formulaic recitation of the elements of a

23  cause of action will not do.  Factual allegations must be enough

24  to raise a right to relief above the speculative level, on the

25  assumption that all the allegations in the complaint are true

26  (even if doubtful in fact)."  *Bell Atlantic Corp. v. Twombly*, 550

27  U.S. 544, 127 S.Ct. 1955, 1964-65 (2007); *see also Gilligan v.*

28  *Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (issue is not

whether plaintiff will ultimately prevail, but whether claimant is entitled to offer evidence to support the claim).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  In deciding a motion to dismiss, the court accepts as true all material factual allegations in the complaint and construes them in the light most favorable to the plaintiff. *See Newman v. Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir. 2002).

The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).  For example, matters of public record may be considered, including pleadings, orders, and other papers filed with the court or records of administrative bodies, *see Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), while conclusions of law, conclusory allegations, unreasonable inferences, or unwarranted deductions of fact need not be accepted. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) ("[A] document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned.").  Allegations in the complaint may be disregarded if contradicted by facts established by exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988. Thus when ruling on a motion to dismiss, the court may consider

5

facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court may take judicial notice. *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1988).

*Pro se* complaints are held to less stringent standards than formal pleadings by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court must construe a *pro se* plaintiff's "inartful pleading" liberally in determining whether a claim has been stated, including *pro se* motions as well as complaints. *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). This is especially true when a plaintiff appears *pro se* in a civil rights case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). While a *pro se* litigant must follow the same rules of procedure that govern other litigants, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), "[d]ismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.*" Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988).

B.    <u>Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)</u>.

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the

6

1  order or within the time the court sets, the court may
2  strike the pleading or issue any other appropriate
   order.

3      A Rule 12(e) motion for a more definite statement must be
4  considered in light of the liberal pleading standards of Rule
5  8(a) in federal court.  *See Bureerong v. Uvawas*, 922 F.Supp.
6  1450, 1461 (C.D. Cal. 1996) (citing *Sagan v. Apple Computer,*
7  *Inc.*, 874 F.Supp. 1072, 1077 (C.D. Cal. 1994)) ("Motions for a
8  more definite statement are viewed with disfavor and are rarely
9  granted because of the minimal pleading requirements of the
10 Federal Rules.").  Under the liberal pleading standards,
11 "pleadings in the federal courts are only required to fairly
12 notify the opposing party of the nature of the claim."  *A.G.*
13 *Edwards & Sons, Inc. v. Smith*, 736 F.Supp. 1030, 1032 (D. Ariz.
14 1989).

15     A Rule 12(e) motion is proper only if the complaint is so
16 indefinite that the defendant cannot ascertain the nature of the
17 claim being asserted, meaning the complaint is so vague that the
18 defendant cannot begin to frame a response.  *See Famolare, Inc.*
19 *v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. Cal.
20 1981); *Boxall v. Sequoia Union High Sch. Dist.*, 464 F.Supp. 1104,
21 1114 (N.D. Cal. 1979).  The motion must be denied if the
22 complaint is specific enough to notify defendant of the substance
23 of the claim being asserted.  *San Bernardino Pub. Employees Ass'n*
24 *v. Stout*, 946 F.Supp. 790, 804 (C.D. Cal. 1996) ("A motion for a
25 more definite statement is used to attack unintelligibility, not
26 mere lack of detail, and a complaint is sufficient if it is
27 specific enough to apprise the defendant of the substance of the
28 claim asserted against him or her.").  The motion should be

7

1  denied if the detail sought by a motion for more definite

2  statement is obtainable through discovery. *Davison v. Santa*

3  *Barbara High Sch. Dist.*, 48 F.Supp.2d 1225, 1228 (C.D. Cal.

4  1998).

5                        IV. <u>DISCUSSION</u>.

6  A.    <u>Section 1983</u>.

7       Plaintiff brings this lawsuit under 42 U.S.C. § 1983, which

8  provides a cause of action "against any person acting under color

9  of law who deprives another 'of any rights, privileges, or

10 immunities secured by the Constitution and laws' of the United

11 States." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887

12 (9th Cir. 2003)(quoting 42 U.S.C. § 1983).  "The rights

13 guaranteed by section 1983 are 'liberally and beneficently

14 construed.'"  *Id.* (quoting *Dennis v. Higgins*, 498 U.S. 439, 443

15 (1991)).

16      Pursuant to 42 U.S.C. § 1983, Plaintiff may bring a civil

17 action for deprivation of rights under the following

18 circumstances:

19            Every person who, under color of any statute,
              ordinance, regulation, custom, or usage, of any
20            State or Territory or the District of Columbia,
              subjects, or causes to be subjected, any citizen
21            of the United States or other person within the
              jurisdiction thereof to the deprivation of any
22            rights, privileges, or immunities secured by the
              Constitution and laws, shall be liable to the
23            party injured in an action at law, suit in
              equity, or other proper proceeding for redress,
24            except that in any action brought against a
              judicial officer for an act or omission taken in
25            such officer's judicial capacity, injunctive
              relief shall not be granted unless a declaratory
26            decree was violated or declaratory relief was
              unavailable.

27

28 To establish liability under § 1983, a plaintiff must show: 1)

                              **8**

that he has been deprived of a right secured by the United States
Constitution or a federal law, and 2) that the deprivation was
effected "under color of state law." *Broam v. Bogan*, 320 F.3d
1023, 1028 (9th Cir. 2003).

1.  <u>Fourteenth Amendment Substantive Due Process Claim</u>

Plaintiff asserts an excessive force claim, alleging he
"suffered serious bodily and emotional harm, which is in
violation of his rights to be free from unreasonable searches and
seizures as provided by the Fourth and Fourteenth Amendments to
the United States Constitution...."  (Doc. 2-2, Complaint at
¶14.)  He further states he was deprived of his constitutional
rights "including, but not limited to his right under the Fourth
and Fourteenth Amendments to be secure in his person, to be free
from the use of unjustified force, to be free from summary
punishment without due process, and to equal protection of the
laws."  (*Id*. at ¶15.)  Defendants attack the Fourteenth Amendment
substantive due process claim, arguing an excessive force claim
is properly brought pursuant to the Fourth Amendment and not
under a substantive due process approach.

The Ninth Circuit has stated that substantive due process

> protects individuals from arbitrary deprivation of
> their liberty by government.  The [Supreme] Court has
> repeatedly spoken of the cognizable level of executive
> abuse of power as that which shocks the conscience.
> Only the most egregious official conduct can be said to
> be arbitrary in a constitutional sense.  Such conduct
> can be shown by conduct intended to injure in some way
> unjustifiable by any government interest...Thus, in
> order to establish a constitutional violation based on
> substantive due process, [Plaintiff] must show both a
> deprivation of her liberty and conscience shocking
> behavior by the government.

9

*Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (internal quotations and citations omitted).

The Supreme Court held in *Graham v. Connor* that "*all* claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." 490 U.S. 386, 395 (1989) (emphasis in original). Plaintiff alleges that he was subjected to excessive force by a police officer directing his canine to attack Plaintiff. *Graham's* holding requires that Plaintiff's claim for excessive force under the substantive due process standard of the Fourteenth Amendment be dismissed as it is not the shocking type of conduct that is intolerable. Accordingly, Defendants' motion to dismiss Plaintiff's Fourteenth Amendment substantive due process claim is GRANTED WITH PREJUDICE.

2. <u>Fourteenth Amendment Equal Protection Claim</u>

The only reference to an equal protection claim in Plaintiff's complaint is the conclusory allegation in Paragraph 15 under his first cause of action: "Plaintiff ABEYTIA was deprived of rights and immunities secured to him under the Constitution of the United States of America including, but not limited to his right under the Fourth and Fourteenth Amendments to be secure in his person...and to equal protection of the laws." (Doc. 2-2, Complaint at ¶15.) Defendants argue that Plaintiff has failed to plead an equal protection claim in that

10

Case 1:08-cv-01528-OWW-GSA   Document 14   Filed 06/12/09   Page 11 of 22

he has failed to allege membership in an identifiable class and failed to allege any facts that would indicate he was treated differently from other similarly situated persons.

To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles,* 250 F.3d 668, 686 (9th Cir. 2001).  In order to make out an equal protection violation, a plaintiff must prove four elements:

> (1) the municipal defendants treated [him] differently from others similarly situated; (2) this unequal treatment was based on an impermissible classification; (3) the municipal defendants acted with discriminatory intent in applying this classification; and (4) [plaintiff] suffered injury as a result of the discriminatory classification.

*Moua v. City of Chico*, 324 F.Supp.2d 1132, 1137 (E.D. Cal. 2004).

Here Plaintiff has not alleged any membership in a protected class, nor has he alleged that Defendants treated him differently from others similarly situated.  Plaintiff asserts no facts that would suggest he was subject to unequal treatment or discriminatory classification.  Plaintiff wholly fails to allege any facts that would support any of the elements of an equal protection claim.

Defendants' motion to dismiss Plaintiff's Fourteenth Amendment equal protection claim is GRANTED.


B.   <u>Sections 1986 and 1988</u>

Defendants contend that Plaintiff has failed to allege valid

11

claims under 42 U.S.C. §§ 1986 and 1988 because: 1) a claim under 42 U.S.C. § 1986 is dependent on the existence of a claim under 42 U.S.C. § 1985 and no such claim is asserted here, and 2) 42 U.S.C. § 1988 is remedial and does not provide a separate cause of action.  Plaintiff's complaint briefly references §§ 1985, 1986 and 1988 on page 2 and §§ 1986 and 1988 again on page 5 but provides no factual detail except a simple listing of the code section.

Without a violation of § 1985, there can be no violation of § 1986.  *Mollnow v. Carlton,* 716 F.2d 627, 632 (9th Cir. 1983); *Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir. 1980).  To maintain a cause of action under § 1985(3), a plaintiff must allege and prove four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Broth. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott,* 463 U.S. 825, 828-29 (1983); *see Sever v. Alaska Pulp Corp.,* 978 F.2d 1529, 1536 (9th Cir. 1992).  The second of these four elements requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.  The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all."  *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971).

Plaintiff has not alleged any facts to support an equal protection violation.  He has not asserted any membership in any protected class or even identified his racial or ethnic background.  Because Plaintiff has not alleged any facts to show any type of discriminatory animus on the part of Defendants, he cannot maintain a claim for violation of 42 U.S.C. § 1985. Because his 42 U.S.C. § 1985 claim fails, so does any purported claim under 42 U.S.C. § 1986.

42 U.S.C. § 1988 allows prevailing parties in civil rights actions to recover reasonable attorney's fees.  It was designed to eliminate financial barriers to the vindication of constitutional rights and to stimulate voluntary compliance with the law.  *Seattle School Dist. No. 1 v. State of Wash.*, 633 F.2d 1338, 1348 (9th Cir. 1980).  Section 1988 does not create an independent cause of action for civil rights violations.  *Moor v. Alameda County*, 411 U.S. 693, 703-04 (1973).  It simply defines procedures under which remedies may be sought in civil rights actions.  *Schroder v. Volcker*, 864 F.2d 97, 99 (10th Cir. 1988). To the extent Plaintiff asserts his "action is brought" pursuant to section 1988, this claim is properly dismissed.

Accordingly, Defendants' motion to dismiss Plaintiff's claims pursuant to 42 U.S.C. §§ 1985, 1986 and 1988 is GRANTED.

## C.  *Monell* Claim

Defendants argue Plaintiff has failed to allege any facts sufficient to sustain a Monell claim.  Specifically, Defendants state: "[t]here is nothing in the complaint indicating that the alleged wrongful actions were pursuant to a 'policy or custom.'"

1    (Doc. 5-2 at 5.)

2        Local governments[2] are "persons" subject to suit for

3    "constitutional tort[s]" under 42 U.S.C. § 1983.[3]  *Haugen v.*

4    *Brosseau*, 339 F.3d 857, 874 (9th Cir. 2003) (citing *Monell v.*

5    *Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  "[T]he

6    legislative history of the Civil Rights Act of 1871 compels the

7    conclusion that Congress did intend municipalities and other

8    local government units to be included among those persons to whom

9    § 1983 applies."  *Id.* at 690.  These bodies "can be sued directly

10   under § 1983 for monetary, declaratory, or injunctive relief

11   where, as here, the action that is alleged to be unconstitutional

12   implements or executes a policy statement, ordinance, regulation,

13   or decision officially adopted and promulgated by that body's

14   officers...[or for] deprivations visited pursuant to governmental

15   'custom' even though such a custom has not received formal

16   approval through the body's official decision making channels."

17

18   ─────────────

19   [2]    Although *Monell* dealt with a municipal government's
     liability under § 1983, the standard there announced was more
20   broadly framed in terms of "a local government."  *Brass v. County
     of L.A.*, 328 F.3d 1192, 1198 (9th Cir. 2003).

21
22   [3] "There is certainly no constitutional impediment to municipal
     liability.  'The Tenth Amendment's reservation of nondelegated
23   powers to the States is not implicated by a federal-court
     judgment enforcing the express prohibitions of unlawful state
24   conduct enacted by the Fourteenth Amendment.'"  *Monell*, 436 U.S.
     at 691 (quoting *Milliken v. Bradley*, 433 U.S. 267, 291 (1977)).
25   There is no "basis for concluding that the Eleventh Amendment is
     a bar to municipal liability."  *Id.* (citing *Fitzpatrick v.*
26   *Bitzer*, 427 U.S. 445, 456 (1976); *Lincoln County v. Luning*, 133
     U.S. 529, 530 (1890)).
27

28

                                    14

1    *Id.* at 690-91.

2        A local government's liability is limited.  Although a local

3    government can be held liable for its official policies or

4    customs, it will not be held liable for an employee's actions

5    outside of the scope of these policies or customs.

6               [T]he language of § 1983, read against the background
               of the same legislative history, compels the conclusion
7               that Congress did not intend municipalities to be held
               liable unless action pursuant to official municipal
8               policy of some nature caused a constitutional tort.  In
               particular,...a municipality cannot be held liable
9               solely because it employs a tortfeasor, in other words,
               a municipality cannot be held liable under § 1983 on a
10              respondeat superior theory.

11   *Monell*, 436 U.S. at 691.  The statute's "language plainly imposes

12   liability on a government that, under color of some official

13   policy, 'causes' an employee to violate another's constitutional

14   rights."  *Id.* at 692.

15       To establish municipal liability, a plaintiff must prove the

16   existence of an unconstitutional municipal policy.  *Haugen*, 351

17   F.3d at 393.

18              [I]t is when execution of a government's policy or
               custom, whether made by its law-makers or by those
19              whose edicts or acts may fairly be said to represent
               official policy, inflicts the injury that the
20              government as an entity is responsible under § 1983."

21   *Monell,* 436 U.S. at 694.  There are various ways a plaintiff may

22   prove the existence of an unconstitutional municipal policy under

23   the *Monell* doctrine.

24       To prevail in a civil rights claim against a local government

25   under *Monell*, a plaintiff must satisfy a three-part test:

26       (1)  The local government official(s) must have intentionally
            violated the plaintiff's constitutional rights;
27
28       (2)  The violation must be a part of policy or custom and may
            not be an isolated incident; and

15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      **(3)   There must be a link between the specific policy or custom to the plaintiff's injury.**

*Id.* **at 690-92.**

    **There are additional ways a plaintiff may prove a policy or custom of a municipality.  A plaintiff may show (1) "a longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity;" (2) "the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision;" or (3) "the official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate."** *Menotti v. City of Seattle***, 409 F.3d 1113, 1147 (9th Cir. 2005). The Ninth Circuit has held that a municipal policy "may be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded."** *Id.*

    **Plaintiff asserts in his complaint that the "failure of Defendants CITY OF FRESNO and FPD to provide training and supervision regarding the lawful use of force amounts to the deliberate indifference to the safety and lives of the citizens of the City of Fresno.  This deliberate indifference was the legal cause of the injuries sustained by ABEYTIA."  (Doc. 2-2 at ¶16.)  Plaintiff further contends that the "FPD and the supervisory officers or agents of Defendant FPD, are directly liable and responsible for the acts of the aforementioned Defendant JOHNSON, because they repeatedly, knowingly and with deliberate indifference failed to enforce the laws of the State**

**16**

of California and the regulations of Defendant FPD pertaining to
the appropriate use of force."  (*Id.* at ¶17.)

   Under certain circumstances, a municipality can be liable for
failure to properly train its employees.  *City of Canton, Ohio v.
Harris,* 489 U.S. 378, 388 (1989).  To prevail on a failure to
train theory, a plaintiff must prove that the inadequacy of
training amounted to "deliberate indifference to the rights of
persons with whom the police come into contact."  *Id.; see also
Tanner v. Heise,* 879 F.2d 572, 582-83 (9th Cir. 1989).  Only
where plaintiff can prove that a failure to train reflects a
"deliberate" or "conscious" choice by a municipality can a city
be liable for such a failure under § 1983.  It will not suffice
to prove that an injury or accident could have been avoided "if
an officer had had better or more training, sufficient to equip
him to avoid the particular injury-causing conduct. Such a claim
could be made about almost any encounter resulting in injury...."
*City of Canton,* 489 U.S. at 391.  "[A]dequately trained officers
occasionally make mistakes; the fact that they do says little
about the training program or the legal basis for holding the
city liable."  *Id.*  "[F]or liability to attach in this
circumstance[,] the identified deficiency in a city's training
program must be closely related to the ultimate injury."  *Id.*

   A municipality's failure to supervise its employees can also
give rise to § 1983 liability, but only in those situations where
there is a history of wide-spread abuse. *See Wellington v.
Daniels,* 717 F.2d 932, 936 (4th Cir. 1983) (cited with approval
in *City of Canton,* 489 U.S. at 399).  Similarly, "municipal
inaction such as the persistent failure to discipline

17

subordinates who violate civil rights could give rise to an inference of an unlawful municipal policy of ratification of unconstitutional conduct within the meaning of Monell." *Sarus v. Rotundo,* 831 F.2d 397, 400-01 (2d Cir. 1987).

Defendants are wrong in their contention that Plaintiff has failed to allege facts sufficient to state a *Monell* claim. Plaintiff has alleged that the City and FPD with deliberate indifference failed to train and supervise officers regarding the use of force, which caused Plaintiff's injuries.  (Complaint at ¶¶16-17.)  It is well established in the Ninth Circuit that an allegation based on nothing more than a bare averment that the official's conduct conformed to official policy, custom or practice suffices to state a *Monell* claim under Section 1983. *See Karim Panahi v. L.A. Police Dept.,* 839 F.2d 621, 624 (9th Cir. 1988); *Shah v. County of L.A.,* 797 F.2d 743, 747 (9th Cir. 1986); *Guillory v. County of Orange,* 731 F.2d 1379, 1382 (9th Cir. 1984).  Plaintiff has offered more than bare allegations to support his *Monell* claim.

Defendant City of Fresno's motion to dismiss Plaintiff's *Monell* claim is DENIED.

D.   <u>Fresno Police Department As A Defendant</u>

Plaintiff names both the City of Fresno and FPD as Defendants in his complaint.  Defendants argue that the FPD is not a proper party to the suit because it is not a "person" under Section 1983.  Naming the FPD, which is a department of the City, as a defendant is redundant to naming the City of Fresno as a defendant.  Because a municipal department is not a "person"

under section 1983, asserting a claim against a municipal department is not an appropriate way to plead a section 1983 action against a municipality. *Vance v. County of Santa Clara,* 928 F.Supp. 993, 996 (N.D. Cal. 1996) *(*citing *Stump v. Gates*, 777 F.Supp. 808, 816 (D. Colo. 1991)*; see Rendon v. Fresno Police Department*, No. 1:05-cv-00661, 2005 WL 1925859, at *4 (E.D. Cal. August 11, 2005).

Defendants' motion to dismiss the complaint as to the Fresno Police Department is GRANTED WITH PREJUDICE.

E.   Negligence Claim as to the City of Fresno

Under California Government Code § 815, a public entity is not liable for an injury except as otherwise provided by statute. "In other words, direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not [on general tort provisions]." *Eastburn v. Regional Fire Protection Authority*, 31 Cal.4th 1175, 1183 (2003).

Under California law, a public entity cannot be held directly liable for common law negligence. In *Munoz v. City of Union City*, a tort cause of action was alleged directly against a city and police department for negligent training, supervision and retention of police officers who were alleged to have used excessive force in fatally shooting a person during a confrontation. 120 Cal.App.4th 1077 (2004). The appellate court concluded that the direct tort cause of action against the entity defendants could not be maintained because no statute provides for direct liability against such defendants. *Id.* at 1111-15.

19

1   Accordingly, a cause of action for common law negligence

2   against the City of Fresno cannot be maintained.  Defendants'

3   motion to dismiss Plaintiff's negligence claim as to the City is

4   **GRANTED WITH PREJUDICE.**

5

6   **F.   Intentional Infliction of Emotional Distress Claim**

7   To state a cause of action for intentional infliction of

8   emotional distress, a plaintiff "must show: (1) outrageous

9   conduct by the defendant; (2) the defendant's intention of

10  causing or reckless disregard of the probability of causing

11  emotional distress; (3) the plaintiff's suffering severe or

12  extreme emotional distress; and (4) actual and proximate

13  causation of the emotional distress by the defendant's outrageous

14  conduct."  *Huntingdon Life Sciences, Inc. v. Stop Huntingdon*

15  *Animal Cruelty USA, Inc.,* 129 Cal.App.4th 1228, 1259 (2005).

16  Defendant contends that Plaintiff has failed to allege any

17  facts to support that he suffered "severe or extreme emotional

18  distress."  However, Plaintiff alleges he "suffered serious

19  bodily and emotional harm" in Paragraph 14 of his complaint.  He

20  also asserts under his fourth cause of action for intentional

21  infliction of emotional distress that Defendants "pursued an

22  outrageous course of conduct, intentionally and/or recklessly,

23  legally causing Plaintiff ABEYTIA's severe emotional distress."

24  (Doc. 2-2, Complaint at ¶32.)  Further, along with Plaintiff's

25  express allegations that he suffered serious "emotional harm" and

26  "severe emotional distress," Plaintiff's description of Officer

27  Johnson directing his canine to attack Plaintiff without cause

28  and despite Plaintiff's compliance with the officers' demands is

20

1  sufficient factual description to give rise to a cause of action

2  for intentional infliction of emotional distress.

3       Defendants' motion to dismiss Plaintiff's claim for

4  intentional infliction of emotional distress is DENIED.

5

6  G.   <u>Third Cause of Action</u>

7       Defendants move for a more definite statement as to

8  Plaintiff's third claim for "Interference with Civil Rights (Tom

9  Banes Civil Rights Act)."  (Complaint at 6.)  Defendants argue

10 the nature of Plaintiff's claim is unclear because he references

11 Cal. Civ. Code § 51 in Paragraph 25 of his third claim.  While a

12 claim under Cal. Civ. Code § 51 is indeed a different claim than

13 a Bane Act claim, *see Stamps v. Superior Court*, 136 Cal.App.4th

14 1441, 1449-51 (2006), Plaintiff titles his third cause of action

15 "Interference with Civil Rights (Tom Banes Civil Rights Act)" and

16 prays for judgment as to his third claim for damages for

17 interference with civil rights.  (Complaint at 6-7.)  As such, it

18 is clear Plaintiff is pursuing a Bane Act claim for interference

19 with his civil rights and the complaint is "specific enough to

20 apprise the defendant of the substance of the claim asserted

21 against him or her."  *Stout*, 946 F.Supp. at 804._

22 ____Defendants' motion for a more definite statement as to

23 Plaintiff's third cause of action is DENIED.

24

25                    **V.** <u>CONCLUSION</u>.

26    For the foregoing reasons:

27         1) Defendants' motion to dismiss Plaintiff's Fourteenth

28         Amendment substantive due process claim is GRANTED WITH

                                21

PREJUDICE;

2) Defendants' motion to dismiss Plaintiff's Fourteenth Amendment equal protection claim is GRANTED;

3) Defendants' motion to dismiss Plaintiff's claims under 42 U.S.C. §§ 1985, 1986 and 1988 is GRANTED;

4) Defendant City of Fresno's motion to dismiss Plaintiff's *Monell* claim is DENIED;

5) Defendants' motion to dismiss the complaint as to Defendant Fresno Police Department is GRANTED;

6) Defendants' motion to dismiss Plaintiff's negligence claim as to Defendant City of Fresno is GRANTED WITH PREJUDICE;

7) Defendants' motion to dismiss Plaintiff's claim for intentional infliction of emotional distress is DENIED; and

8) Defendants' motion for a more definite statement with respect to Plaintiff's third cause of action is DENIED.

IT IS SO ORDERED.

Dated:    **June 12, 2009**              _____**/s/ Oliver W. Wanger**_____
                                    UNITED STATES DISTRICT JUDGE